IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELVIN LYNN HOLMAN, | ) | |
|    ID # 00610-045, | ) | |
|        Movant, | ) | No. 3:20-CV-1679-D-BH |
| | ) | No. 3:06-CR-370-D (1) |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|        Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,* received on June 23, 2020 (doc. 1). Based on the relevant findings and applicable law, it should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit as an unauthorized successive motion.

**I. BACKGROUND**

Shelvin Lynn Holman ("Movant"), a federal prisoner, challenges his conviction in Cause No. 3:06-CR-370-D(1). The respondent is the United States of America (Government).

On December 5, 2006, Movant was charged by indictment with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) (count one); using, carrying, and brandishing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 3559(c)(1) (count two); being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (count three); and possession of a firearm bearing an obliterated serial number in violation of 26 U.S.C. §§ 5846(a), 5861(h), and 5871 (count four). (*See*

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

docs. 1, 46.)[2] A jury found Movant guilty of counts one through three on June 5, 2007. (*See* doc. 41.)[3] On October 18, 2007, Movant was sentenced to 240 months and 360 months of imprisonment on counts one and three, respectively, to run concurrently. (*See* doc. 46 at 1-3.) He also was sentenced to life imprisonment on count two, to run consecutively to his sentences on counts one and three. (*See id.*) Movant appealed the judgment to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit) on October 25, 2007. (*See* doc. 47.) It affirmed the judgment on July 17, 2008. (*See* doc. 59.)

Eight years later, on June 25, 2016, Movant filed a motion to vacate count two of his sentence under 28 U.S.C. § 2255, arguing that his mandatory life sentence under § 3559(c) was unconstitutionally vague under the U.S. Supreme Court's holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015), due to § 3559(c)'s definition of "serious violent felony." (*See* doc. 64; No. 3:16-CV-1775-D, doc. 1.) On March 21, 2019, it was recommended that Movant's § 2255 motion be denied as time-barred because the Supreme Court had not extended the ruling of *Johnson* to invalidate § 3559(c)'s residual clause. (*See id.*, doc. 20 at 8-9.) The recommendation was accepted over Movant's objections, and judgment was entered on June 19, 2019. (*See id.*, docs. 21-23.)

Movant now alleges that his life sentence for count two of his conviction was invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019). (*See* 3:20-CV-1679-D-BH, docs. 1, 2.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

---

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:06-CR-370-D(1).

[3] Count four of the indictment was dismissed upon motion by the Government on May 17, 2007. (*See* docs. 32, 33.)

2

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 2255(h), a district court lacks jurisdiction over a successive § 2255 motion unless it was first authorized by a United States Court of Appeals. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). A subsequent § 2255 motion is considered successive when it: "1) raises a claim challenging the [movant's] conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez,* a movant is required to present all available claims related to his conviction or sentence in his first § 2255 motion. This "requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court." 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(c); *see also* 28 U.S.C. § 2255(h). To present a claim in a second or successive § 2255 application that was not presented

3

in a prior application, the application must show that it is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Here, Movant's current § 2255 motion again challenges the same conviction as in his prior § 2255 motion, but he now relies on the "new rule of constitutional law" set forth in *Davis* to support his claim. The Fifth Circuit has noted that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244." *Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009). "In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error—when the error arises after the underlying conviction—tend to be deemed non-successive." *Id.* Although he relies on a new rule of constitutional law, Movant's second challenge to his conviction is successive within the meaning of § 2255. *See United States v. Hill*, 623 F. App'x 200, 201 (5th Cir. 2015) (per curiam) (holding that a § 2255 motion that relied on two Supreme Court decisions that were announced after the movant was sentenced was nevertheless successive because the "alleged defects and the facts necessary to support the claims were known to Hill at trial and sentencing and prior to when he filed his initial § 2255 motion.").

As noted, the determination of whether he may file a successive petition "must be made by a three-judge panel of a United States court of appeals before a motion is filed in district court." 28 U.S.C. § 2255(h); *see also United States v. Ornelas-Castro*, No. 3:07-CR-190-K, 2019 WL

4

6135156, at *2 (N.D. Tex. Nov. 18, 2019) (citing *United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this [§ 2255(h)] statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the courts of appeal* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (finding successive petition where claims could have been or were raised in initial § 2255 petition that was dismissed as time-barred). Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2255 motion, it lacks jurisdiction, and Movant's new § 2255 motion is subject to dismissal. *See Fulton*, 780 F.3d at 686. "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the motion should be transferred.

### III. RECOMMENDATION

The motion to vacate filed under 28 U.S.C. § 2255 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002), and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SO RECOMMENDED on this 6th day of July, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE