IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELVIN LYNN HOLMAN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | Civil Action No. 3:20-CV-1679-D |
| | § | (Criminal No. 3:06-CR-370-D) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Movant Shelvin Lynn Holman ("Holman") brings this successive motion to vacate,

set aside, or correct sentence under 28 U.S.C. § 2255.  For the reasons explained, the court

dismisses the motion with prejudice and denies a certificate of appealability.

I

In June 2007 Holman was convicted by a jury of the offenses of distribution of

cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); using, carrying, and brandishing

a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.

§§ 921(c)(1)(A)(ii) and 3559(c)(1); and felon in possession of a firearm, in violation of 18

U.S.C. §§ 922(g)(1) and 924(e)(1).[1]  Before trial, the government filed a notice that if

Holman was convicted under count 2 of the indictment of using, carrying, or brandishing a

firearm during and in relation to a drug trafficking crime, the government would seek a

mandatory term of life imprisonment on the ground that he had been convicted of "serious

_____

[1]He was acquitted of another charged offense.

violent felonies" in the state of New Mexico for criminal sexual penetration in the second degree (3 counts), kidnapping (2 counts), aggravated battery, robbery while armed with a dangerous weapon (firearm), false imprisonment, and assault with intent to commit a violent felony.  The court sentenced Holman to 240 months' imprisonment on count 1 and 360 months' imprisonment on count 3, to run concurrently, and to a mandatory life sentence on count 2, to run consecutively to the sentences of imprisonment on counts 1 and 3.

On appeal, Holman argued that 18 U.S.C. § 3559(c)(1) is unconstitutional because it violates the Eighth Amendment, the separation of powers doctrine, and the Due Process Clause.  The Fifth Circuit rejected his claims and granted the government's motion for summary affirmance. *United States v. Holman*, 289 Fed. Appx. 680, 681 (5th Cir. 2008) (per curiam).   Almost eight years later, Holman filed a motion under 28 U.S.C. § 2255 challenging his life sentence, stating with regard to each of four grounds asserted that "[*Johnson v. United States*, 576 U.S. 591], 135 S. Ct. 2551 (2015) voids 18 USC 3559's 'risk of force' clause.  3559's enumerated offenses & force clause don't include [NM Criminal Sexual Penetration in the 2nd Degree and NM Kidnapping]. . . ."  Movant § 2255 Mot. (ECF No. 64) at 7-8; *Holman v. United States*, No. 3:16-CV-1775-D.  The government moved to dismiss the motion as barred by the applicable statute of limitations.  Holman responded, and the court ordered that the case be administratively closed pending the Supreme Court's decision in *Sessions v. Dimaya*, 584 U.S. 148 (2018).  After the Supreme Court decided *Dimaya*, this court ordered supplemental briefing.  After the briefing was complete, the magistrate judge recommended that the motion be dismissed as time-barred.  The magistrate

judge also noted that Holman could not prevail in any event because he had not presented any reliable evidence that § 3559(c) was inapplicable or that two of his many other prior felonies would not qualify as serious violent felonies under either the enumerated offenses or elements provisions of § 3559(c)(2)(F). *Holman v. United States*, 2019 WL 2525505 (N.D. Tex. Mar. 21, 2019) (Horan, J.). The court adopted the findings, conclusions, and recommendation, *Holman v. United States*, 2019 WL 2524915 (N.D. Tex. June 19, 2019) (Fitzwater. J.), and it dismissed the action as time-barred. Holman did not appeal.

One year after Holman's first habeas motion was dismissed, he filed another motion under § 2255, docketed in Criminal No. 3:20-CV-1679-D. The court determined that the motion was successive and ordered it transferred to the Fifth Circuit. The Fifth Circuit granted Holman leave to file a successive § 2255 motion. That motion relies on virtually the same grounds as the first habeas motion, with the additional assertion that *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), also voids 18 U.S.C. § 3559's "risk of force" clause. Holman's present motion is before the court on the briefs, without oral argument.

II

A prisoner making a second or successive habeas motion must meet two requirements before the motion can be heard on the merits. *United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018).[2] First, he must obtain the permission of the court of appeals to file the motion.

_____

[2]Holman's contention that this is not a second or successive motion is unpersuasive. The first habeas motion was considered on its merits and dismissed as time-barred. Moreover, any argument that this is a "first" motion should have been presented to the Fifth Circuit when the motion was transferred as a result of this court's lack of jurisdiction.

Second, he must "actually prove at the district court level that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." *Id.* If he fails to make that showing, the district court must dismiss the motion without reaching the merits. *Id.*; 28 U.S.C. § 2244(b)(4).

To prove that his successive motion actually relies on a new rule established in *Davis*, Holman must show that it was more likely than not that he was sentenced under the residual clause of 18 U.S.C. § 3559(c)(2)(F)(ii). *See United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019) (discussing *Johnson* and holding that, to bring a successive claim, the prisoner must establish that it was more likely than not that he was sentenced under § 924(e)'s residual clause). Whether the sentencing court relied on the residual clause is a question of historical fact. *Savoca v. United States*, 21 F.4th 225, 232 (2d Cir. 2021), *rev'd in part on other grounds on reh'g*, 2022 WL 17256392 (2d Cir. Nov. 29, 2022); *Wiese*, 896 F.3d at 724. To determine reliance on the residual clause, the reviewing court looks to (1) the sentencing record for direct evidence of a sentence and (2) "the relevant background legal environment that existed at the time of the defendant's sentencing and the presentence report and other relevant materials before the district court." *Wiese*, 896 F.3d at 725 (quoting *United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018) (cleaned up)). The movant must offer more than a theoretical possibility that the sentencing court relied upon the residual clause. *Id.* at 726. Where the record is unclear, the movant cannot make the requisite showing.

---

Instead, Holman filed an opposed motion for leave to pursue a second or successive motion, which was granted.

*United States v. Chaney*, 820 Fed. Appx. 290, 292 (5th Cir. 2020) (per curiam).

In this case, the record clearly reflects that the only provision the sentencing court considered was the enumerated offenses clause of § 3559(c)(2)(F)(i). The government's sentencing enhancement information referred to the "serious violent felony" definition of 18 U.S.C. § 3559(c)(1)(F)(i).[3] *United States v. Holman*, No. 3:06-CR-370-D (ECF No. 16), at 1.  In response to Holman's objections to the presentence report ("PSR")—which argued that "if the enhancement here is based on 18 U.S.C. § 3559(c)(2)(F)(ii), [it] violates the Equal Protection Clause of the Constitution," *id*. (ECF No. 54), at 22—the government represented that it would prove at sentencing that each of Holman's convictions for criminal sexual penetration and kidnapping qualified as a serious violent felony under 18 U.S.C. § 3559(c)(2)(F)(i). *Id.* at 26.   The addendum to the PSR also referred to Holman's convictions for criminal sexual penetration and kidnapping as enumerated serious violent felonies.  There was no mention of whether the offenses were "punishable by a maximum term of imprisonment of 10 years or more," as described in the residual clause.  18 U.S.C. § 3559(c)(2)(F)(ii).  And the record of the sentencing hearing contains no mention of the residual clause.  Instead, Holman's counsel admitted that it would be frivolous for him to argue that the prior convictions did not qualify as enumerated offenses.  On appeal, Holman's counsel recognized that "[t]he basis for enhancing the sentence [was] based on the following

---

[3]The notice referred to subpart (i) as (I), which is clearly a typographical error.

'serious violent felonies' as defined by 18 U.S.C. § 3559(c)(1)(F)(i)."[4] *United States v. Holman*, 2008 WL 5649796 (5th Cir. Mar. 28, 2008).  Thus Holman cannot meet his burden.

Finally, as the government points out, Holman's argument that § 3559(c)(2)(F)(ii) is unconstitutionally vague is procedurally defaulted.  As the Fifth Circuit has determined, there is no excuse for failing to raise a void for vagueness argument.  *United States v. Vargas-Soto*, 35 F.4th 979, 993-999 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 583 (2023).  Moreover, Holman could not establish actual innocence. *Id.* at 999-1001.  Holman's arguments to the contrary are not persuasive.

Holman's motion under 28 U.S.C. § 2255 is dismissed with prejudice.

III

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States DistrictCourt, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.

The court finds that Holman has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If Holman files a notice of appeal,

---

[4]The reference contained a typographical error, referring to subsection (c)(1) instead of (c)(2).

he must pay the $605.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

    **SO ORDERED**.

    March 15, 2024.


                SIDNEY A. FITZWATER
                SENIOR JUDGE